## Case No. 17,336.

### WEBSTER v. MASSEY.

[2 Wash. C. C. 157.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

INSOLVENCY — DISCHARGE UNDER FOREIGN LAW — CONFLICT OF LAWS—BAIL.

1. The defendant had been discharged by the insolvent laws of Pennsylvania, of 1790 and 1798. The court refused to enter an exoneretur on the bail-bond upon this ground.
  [Cited contra in Richardson v. The M'Intyre, Case No. 11,789.]

2. The laws of a foreign country, where a contract is made, will be regarded by foreign tribunals as to the obligations of the contract, and as to its discharge.
  [Cited in Burrows v. Hannegan, Case No. 2,-206.]

3. A discharge of the person under a foreign insolvent law, leaves the contract still in force; and whether bail shall be demanded or not, must depend on the laws of the country where the suit is brought.

Rule to show cause why an exoneretur should not be entered on the bail-bond, the defendant having been discharged under the insolvent laws of Pennsylvania, passed in 1790 and 1798. This law only discharges the person from imprisonment or arrest, in any of the cases of creditors, returned as such by the debtor.

Mr. M'Shane, in favour of the rule, read the following cases: 2 Strange, 733; 1 Atk. 255; Cooke, Bankr. Law. 347; 1 East, 6; 3 Ves. 447; [Millar v. Hall] 1 Dall. [1 U. S.] 229.

Mr. Hopkinson, against the rule, insisted that the defendant could not be discharged by a state court, because the plaintiff was not returned as a creditor. Secondly; that the cases cited, apply only to the discharges under the bankrupt laws of a foreign country, and not to mere discharges of the person.

BY THE COURT. The difference between a discharge from the contract itself by a foreign judgment, and a mere discharge of the person, is an obvious one. The laws of a foreign country, where the contract is made, will be regarded by the tribunals of another country; and so will the same laws which discharge the debtor from the obligations of his contract. In Camfranque v. Burnell [Case No. 2,342], this court decided, that the defendant should not be held to bail, because the French aret was incorporated with, and governed the contract. But as to the mere forms of proceedings, the laws of the country, to whose tribunals the appeal is made, must govern. A discharge from the contract, therefore, by a foreign law or judgment, is conclusive everywhere, upon that contract. But a discharge of the person only, under a foreign insolvent law, leaves the contract still in force; and whether bail should in such cases be de-

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

manded or not, must depend upon the laws of the country, where the suit is brought. The other objection, taken by the plaintiff's counsel, appears to have considerable weight in it. Upon the whole, we are of opinion, in this case, that the defendant ought not to be discharged without common bail. Rule discharged.