## Case No. 5,195.

### GALLAGHER v. ROBERTS et al.

[2 Wash. C. C. 191.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

WASHINGTON, Circuit Justice. The case, from the bill, answer, and exhibits, appears to be as follows:—The testator, James Gallagher, being indebted to the defendants for goods shipped to him; remitted to them, in December 1793, a bill of exchange, at sixty days, for one hundred pounds sterling, drawn by Robert Morris, on Cazenove, Nephew, & Company, of London; which came to hand on the 24th of February 1794. The next day it was shown to the drawees, who declined accepting it at that time, but gave reason to think, that after hearing from Morris, they might do so. The bill was accordingly kept until the 24th of March following; when, the drawees still refusing to accept it, the bill was placed in the hands of a notary, who regularly protested it for nonpayment. The bill was retained by the defendants until the 7th of July 1794, when it was returned with the protest; previous to which, it is admitted, that notice of the dishonour of the bill, or of the drawees' refusal to accept, had not been given. This letter of the 9th of July, was put into the post-office at the time it was written. No evidence is given, in the cause, of the time when the drawer became insolvent, or indeed that he ever was so. But it is recollected by the court, that, on the trial at law, it was proved, and is so agreed by the parties, that Mr. Morris failed in the year 1794, or perhaps in 1795. No proof is given, that the above letter and bill ever came to the hands of Gallagher. It appears, by a letter from the defendants in 1796, that between 1794 and that period, he had frequently written to Gallagher, requesting payment of the debt due to him; to which letters no answer had been returned, nor remittances made. The defendants, at the same time, appointed an agent to call upon Gallagher, and collect this money; who, in 1798, informed them that they could do nothing with Gallagher, and that he insisted upon a credit for the above bill, supposing that it had been paid to Roberts.

A judgment having been recovered at law against the complainants, without the allowance of a credit for the above bill, relief is now sought for, on the equity side of this court, for the amount thereof. In the case of Clark v. Mundle [unreported], the doctrine is laid down in very broad terms, that a bill, given in payment of a precedent debt, is not considered as payment; unless it be part of the contract, that it be received in satisfaction; although the holder should have neglected to present it for payment, or to give notice of its dishonour. This doc-

trine is clearly founded upon a general principle of law, that the bill, in such a case, not being of superior dignity to the pre-existing debt, could not extinguish it; and consequently the bill was considered only as a collateral security. Kyd, in his treatise on Bills, seems to consider this doctrine as no longer existing, in consequence of the statute of Anne; which declares, that a bill accepted in satisfaction of former debt, shall be accounted a full payment of such debt, if the holder do not take his due course to obtain payment of the bill, and on failure, make his protest according to the directions of this act. But Chitty attributes the change of this doctrine, not to the seventh section of the above act, which relates to the particular kind of bills mentioned in the fourth section; but to the change of opinion in the courts of justice. To whatever cause the doctrine of the present day may be attributed, we think the doctrine itself amounts to this: that a bill of exchange is not, in general, to be considered as a satisfaction of a precedent debt, unless it be paid, and accepted as such, or in case it be conditionally paid; unless it appear that an injury has resulted to the debtor, who pays the bill in consequence of the laches of the creditor, who receives it; as, for instance, if, in the mean time, the drawers fail; or if the recourse of the person from whom the bill is received, against the drawer, or the endorsers, be thereby lost. Neither would such a bill, if received as a payment, be in all cases good as such; should the same be unproductive, from the circumstance of the drawer having no right to draw, and perhaps from other circumstances, which show that the debtor knew the paper to be of no value. We do not think that the rule, which prevents the holder of a bill from recovering upon it against the drawer or endorsers, unless he has proceeded regularly to have the bill presented and protested, and to give notice; applies to the case of a creditor suing for his original debt, to which is opposed a payment by a bill or note; because, in the former case, the bill is received by the payee, and all others who become the holders of it, upon a condition that he will use such diligence; and. therefore, his failure to perform such condition, is fatal to his recovery. In the latter case, the bill is not strictly an extinguishment or satisfaction of the pre-existing debt; though, if by the neglect of the holder, the amount of the bill be lost, it is fair to presume that he took it as a satisfaction, and agreed to run the risk of it. Neither will we say, that, if the bill be retained by the person to whom it is remitted as a conditional payment, for an unreasonable length of time, a jury may not fairly make the same presumption; though the drawer should not become insolvent. In the case of Darrach

v. Savage, 1 Show. 130, the bill was retained for two years.

In all the cases which we have met with on this subject, the debt was lost by insolvency. Judge Buller, in his Nisi Prius (182), lays it down, that if a note be endorsed by a debtor to his creditor for a precedent debt, and a receipt be given as for so much money when the note shall be paid, and the creditor neglect to apply to the drawer in time, and by his laches the note is lost, the precedent debt is extinguished. So in the case of Chamberlyn v. Delarive, 2 Wils. 353, the same principle is laid down. In the case of Ward v. Evans, 2 Ld. Raym. 930, the general rule is laid down, that a note is not a payment of a precedent debt; being presumed to be taken on condition, to be payment, if paid in a convenient time; but if it be kept up without demand, and insolvency take place, the receiver must lose it. If this be the law of the case, what is the ground of equity, on which the court ought now to relieve the complainant? It appears, clearly from the answer and exhibits, that this bill was remitted as a conditional payment, and was received as such. The return of it to the endorser, Mr. Gallagher, is conclusive upon this point. Although the refusal of the drawees to accept, was not regularly noted. yet the bill was promptly shown to the drawee; and the defendant states that he forebore to protest it for non-acceptance, from a hope, which was induced by the declarations of the drawee, that they might accept it after hearing from the drawer. Though notice of the protest was not given, in such time as would have enabled the defendants to have maintained an action upon it, yet the bill was returned to Gallagher during the solvency of the drawer; and no injury appears to have been sustained by him in consequence of the delay. It is true, that no evidence is given that the bill ever, came to the hands of Gallagher. His neglect to answer the repeated letters addressed to him by the defendants, which afforded him an opportunity to assert his right to this sum, as a credit, upon the ground of the bill not having been returned; affords strong ground to believe that he had received it, notwithstanding his declaration to the contrary, in 1798. But, at all events, the defendants were not answerable for the miscarriage of their letter covering the bill.

Upon the whole, we are of opinion, that the complainant is not entitled to relief; and, therefore, that the injunction must be dissolved, and the bill dismissed.