## ALLEN, The STEPHEN.
[See The Stephen Allen, Case No. 13,361.]

## ALLEN v. ALLEN.
[See Allen's Heirs v. Allen's Ex'rs, Case No. 211.]

## ALLEN, (BLAIR v.)
[See Blair v. Allen, Case No. 1,483.]

## ALLEN, (BOND v.)
[See Bond v. Allen, Case No. 1,619.]

## ALLEN, (CRAMER v.)
[See Cramer v. Allen, Case No. 3,346.]

## ALLEN, (CRAPO v.)
[See Crapo v. Allen, Case No. 3,360.]

## ALLEN, (CULL v.)
[See Cull v. Allen, Case No. 3,465.]

## ALLEN, (GREEN v.)
[See Green v. Allen, Case No. 5,753.]

## ALLEN, (HAMMOND v.)
[See Hammond v. Allen, Case No. 6,000.]

## ALLEN, (HARVEY v.)
[See Harvey v. Allen, Case No. 6,177.]

## ALLEN v. The H. P. BALDWIN.
[See The H. P. Baldwin, Case No. 6,811.]

## ALLEN, (JAY v.)
[See Jay v. Allen, Case No. 7,235.]

## ALLEN, (JOY v.)
[See Joy v. Allen, Case No. 7,552.]

## Case No. 226.
### ALLEN v. KING.
[4 McLean, 128.][1]

Circuit Court, D. Michigan. June Term, 1846.

PAYMENT — WHAT CONSTITUTES—NEGOTIABLE INSTRUMENTS—DEMAND AND NOTICE—AGENCY.

1. Taking a note is no discharge of a pre-existing debt, unless there be an agreement to that effect.
[Cited in Moore v. The Fashion, Case No. 9,-772. See Gallagher v. Roberts, Id. 5.195; Cooper v. Gibbs, Id. 3,194; Lyman v. Bank

[1][Reported by Hon. John McLean, Circuit Judge.]

of U. S., 12 How. (53 U. S.) 225; Weed v. Snow, Case No. 17,347; Peter v. Beverly, 10 Pet. (35 U. S.) 532; Beers v. Knapp, Case No. 1,232; Bank of U. S. v. Daniel, 12 Pet. (37 U. S.) 32; Reppert v. Robinson, Case No. 11,703.]

2. The taking of such note from the indorser, imposes an obligation on the holder to demand payment when the money is due, and give notice of non-payment. If he fail in this, he makes the note his own.

[See Foote v. Brown, Case No. 4,909.]

3. A mere agent is responsible for the damages incurred, when he fails to make demand and give notice.

4. Where a note was received, the proceeds to be applied in discharge of a debt, if demand be not made and notice given to the indorser at the proper time, so as to charge him, he makes the note his own, in discharge of the debt.

[See note at end of case.]

5. Where there are no effects in the hands of the drawee, the holder may be excused, as against the drawer, from making demand and giving notice.

6. But in such case, it must appear that the drawer had no right to expect the draft would be accepted and paid.

[7. Cited in Moore v. Newbury, Case No. 9,772, to the proposition that receipt of payment by note is not conclusive, but only prima facie evidence of the payment of the debt.]

[8. Cited in Jewett v. Hone, Case No. 7,311, to the proposition that taking a bill of exchange as collateral security for a prior debt is sufficient to shut out equitable defenses of an accommodation acceptor.]

[At law. On motion for new trial. Motion overruled.]

Joy & Porter, for plaintiff.
Mr. Fraser, for defendant.

THE COURT. This action was brought to recover a balance which the defendant owes to the plaintiff, for goods, wares, and merchandize, purchased. A draft, payable in four months, drawn by Harleston, on N. G. Ogden, of New York, and indorsed by King, was procured by King and handed to the counsel of the plaintiff, with the view of paying, when the proceeds should be received, so much on account. This draft was forwarded and accepted, but was eventually protested for non-payment. It seems that due notice was not given to the drawer and indorser, and that was made the principal ground of defense. The trial took place in the absence of the circuit judge, and now a motion is made for a new trial, on points stated, before a full court. The jury found for the defendant.

A new trial is asked—

1. Because the court rejected Harleston, the drawer of the draft, who was offered as a witness, to show that the remedy against him has not been lost, as the drawer of the bill, for want of strict notice.

2. Because the jury were instructed that it was incumbent on the plaintiff to prove that the draft had been presented for payment at maturity, at the place where payable, and that it had been regularly protested for non-payment, and notice to the drawer and indorser given.

3. Because, in the instruction, a decision in 2 Wash. C. C. 191, [Gallagher v. Roberts, Case No. 5,195;] 2 Wash. C. C. 157, [Webster v. Massey, Case No. 17,336,] was not followed, on which the plaintiff relied.

4. Because the court refused to charge the jury, upon the request of plaintiff's counsel, that unless the jury are satisfied, from the testimony, there was an express agreement by the plaintiff to take the thousand dollars' draft in payment, and at his own risk; that the plaintiff was but the agent of King, for the collection of said draft; and that the draft remained his property, and at his risk; and that although the draft was not presented for payment, at maturity, and no notice of non-payment given, yet that constitutes no defense to this action.

5. That if the draft was not taken in payment, although no notice was given, if thereby the amount of the draft, or any part were lost, by reason of such neglect, it was a ground of action for damages he thereby sustained, against the plaintiff, by the defendant.

6. Because the court charged the jury that by failing to make the demand and give notice, the plaintiff made the bill his own, and that the remedy against the defendant upon the open account, was consequently lost.

Other causes were assigned, but which are substantially embraced in those above stated.

There can be no doubt, that where a bill has been received payable on time, that it is no discharge of a pre-existing debt, unless there be an agreement to that effect. Nor would a draft payable on presentation, be a payment, unless it was agreed to be so received. Until the money on a bill is paid, it is at the risk of the drawer and the holder of the bill, whether he be entitled to the money, or a mere agent for the drawer, he is bound to make the demand, and give notice of nonpayment, and if he fail he will, in many cases, be responsible to the drawer or indorser for damages.

The damages are not to be estimated by the face of the bill, in regard to the drawer, he having no effects in the hands of the drawee, but by the actual damages suffered by him. It is true, when the holder of a bill, regularly negotiated, neglects to make a demand at its maturity, and give notice, he loses his recourse against the names on the bill, who are entitled to notice.

There is no evidence to show that the bill in question was taken in payment. It must then have been received, for the purpose of applying the proceeds when paid, to the payment of the balance due by the defendant to the plaintiff. [Frier v. Jackson,] 8 Johns. 396; [Tobey v. Barber,] 5 Johns. 69; [Olcott v. Rathbone,] 5 Wend. 492; [Johnson v. Weed,] 9 Johns. 310; [Muldon v. Whitlock,] 1 Cow. 306; 4 Mason, 248, [Franklin

Fire Ins. Co. v. Lord, Case No. 5,057.] If it be agreed to receive the bill in payment, the rule is different. [Tobey v. Barber,] 5 Johns. 69; [Rowley v. Ball,] 3 Cow. 303; [McNair v. Gilbert,] 3 Wend. 344; [Peter v. Beverly,] 10 Pet. [35 U. S.] 532. In all cases the plaintiff may produce the note at the trial to be cancelled. [Pintard v. Tackington,] 10 Johns. 104; [Burdick v. Green,] 15 Johns. 249; [Hughes v. Wheeler,] 8 Cow. 80. And the court will require the bill to be produced.

The holder of the bill, being an agent merely, is not considered a party to it. As, where a bill is forwarded to a bank for collection, and demand or notice is neglected, the bank is responsible only for the damages sustained, and they are to be ascertained by a jury. The same principle, it is contended, applies where a bill is received, the proceeds of which, when received, are to discharge a debt. Until the proceeds shall be received, the risk is the drawer's, and if there be a failure, the agent is responsible to the extent of the damages suffered. This, it is argued, is under the law of agency. Story, Ag. 217; [Smedes v. Bank of Utica,] 20 Johns. 384; [Bank of Utica v. Smedes,] 3 Cow. 662. "The drawer of a bill, or the indorser of a note, is not discharged by the omission of the holder to make presentment or demand, or to give notice of non-acceptance or non-payment, where it is clearly shown that he has sustained no damages in consequence of such omission." Commercial Bank of Albany v. Hughes, 17 Wend. 94.

Where this duty of an agent has been neglected, damages are presumed, but this presumption is rebutted by proof of the entire want of effects in the hands of the drawee continually, from the time of drawing the bill, until and after the day it fell due, and this, under such circumstances, as to show that the drawer had no right to expect payment. In Dennis v. Morrice, 3 Esp. 158, an action was brought by an indorser against the drawer; it appeared that no notice had been given to the defendant, of non-payment by the acceptor, to excuse which, the plaintiff offered to prove that in fact the defendant had not been prejudiced by the want of such notice. But Lord Kenyon said: The only case in which notice is dispensed with is, where the drawer has no effects in the hands of the drawee. The rule is, that every person is entitled to notice whose name is on the bill, and who has any recourse against some other person or persons. On this ground it was held by Lord Kenyon, in 1 Pardess, 459, in an action against the indorser of a bill, drawn by Vaughan on Eustace and Holland; it appeared that notice had not been given to defendant, upon which plaintiff offered to show that Vaughan had no effects in the hands of Eustace and Holland; but the court said that the want of effects in the hands of the drawee by the draw-

er, will not avail the plaintiff, and that the rule extends only to actions brought against the drawer; the indorser is in all cases entitled to notice, for he has no concern with the accounts between the drawer and the drawee. "The plaintiff then proved a letter from the defendant, acknowledging the debt, and promising to pay, and upon that he had a verdict." Now, if the plaintiff in this case was strictly a party to the bill, his recourse against King, the indorser, was lost, by not giving him notice. For it seems he has nothing to do with the matter of account, between the drawer and drawee. From the statement of the drawer, there can be no doubt that King had his recourse against the drawer of the bill, who admitted his liability continued. From this, it would seem that he could have had no effects in the hands of Ogden, or any just expectation that any one would honor the bill. But still the question recurs, did the plaintiff, by failing to give notice to the indorser, release him from responsibility. And if he did, can the fact be set up in defense to the present action? Although the bill was not received by the plaintiff in payment, yet he cannot be treated as a mere agent. The proceeds of the bill, when received, were his, to be applied in part payment of the balance due him. He was a holder of the bill, and neither the drawer nor indorser had a right to withdraw it, nor take any steps in regard to it, which might in the least degree be prejudicial to the interest of the plaintiff. Now this is not the case with a mere agent, who has no interest in the bill, and the owner of it has a right to withdraw it, or appropriate the proceeds of it as may suit his convenience. In this view, it is difficult to distinguish between the rights and duties of the plaintiff in regard to the bill, and those which appertain to the holder who has received the bill in the ordinary course of business. It is his property, and he has a right to negotiate it if he shall choose to do so. He may receive payment of it in property, and make any other disposition of the bill that may be convenient for him. He is then, more than an agent. He is the holder of the bill, and has recourse against the indorser, on condition of demand and notice. The drawer may be responsible, but the question here is, whether the indorser is responsible, no notice having been given to him of the non-payment of the bill? He was entitled to notice, and the fact, that the drawer still acknowledges himself responsible, does not, as regards the indorser, affect the question. In failing to give the notice, the plaintiff made the bill his own, and his recourse against the indorser is lost. He received the bill, and was bound, by the commercial law, to demand payment, and give notice. Whatever recourse the plaintiff may have against the drawer, he can have none against the indorser, as such. And if he can not re-

cover in this form, by reason of his negligence, it is a good defense against an action on the original consideration. Had the plaintiff given the notice, he might have had his choice, whether to proceed against the defendant, as indorser, or on the original ground of action. The evidence of the drawer was rightfully rejected, as his admission of liability on the bill could not affect the rights of the defendant in this action. And this was the object for which the witness was offered. Upon the whole, the motion for a new trial is overruled.

[NOTE. Where a note is deposited as collateral security for an existing debt, and for collection, it falls within the law of agency, and not within the strict rules of commercial law applicable to negotiable paper, so that the agent is bound only to use due diligence to collect the same. Lawrence v. McCalmont, 2 How. (43 U. S.) 426; Hamilton v. Cunningham, Case No. 5,978; Westphal v. Ludlow, 6 Fed. 348. If the holder of a bill as collateral refuses to return it, or to make any effort to collect it, he is liable for the loss resulting from his negligence. Childs v. Corp, Case No. 2,677. Whether or not a note was in fact received in satisfaction of a debt is for the jury. Lyman v. Bank of U. S., 12 How. (53 U. S.) 225.]