SPEARS *v.* PEOPLE'S BANK *et al.*

(*Nashville,* December Term, 1934.)

Opinion filed February 23, 1935.

398

W. S. FINLEY, of Nashville, and THOS. B. FINLEY, of Lebanon, for appellant.

S. J. ROSE, of Johnson City, and LOUIS CHAMBERS, of Lebanon, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Mrs. Spears had a small savings deposit in the People's Bank at Johnson City, Tennessee. Being in Lebanon, Tennessee, she desired to transfer the money to the Commerce-Union Bank, located there. She first delivered to the Commerce-Union Bank her passbook and a check on People's Bank, with instructions to have that bank remit the amount direct to the Lebanon Bank. Not certain of her exact balance, the check was left unfilled as to amount. Her instructions were followed by the Commerce-Union Bank, but the People's Bank elected to remit in a check drawn on the East Tennessee National

Bank, of Knoxville, in which the People's Bank had funds. Under instructions from Mrs. Spears, the Commerce-Union Bank accepted this check for collection only, and gave Mrs. Spears a deposit credit therefor; the deposit slip reciting that it was accepted subject to collection. The Commerce-Union Bank, on the same day of its receipt, being January 16, 1934, promptly put the check in regular course of collection, forwarding it to its main office in Nashville, where it was received the next day, January 17th, and delivered on the same day to the Federal Reserve Bank branch in Nashville, which agency on that day forwarded it to Knoxville, where it was received on the next day, January 18th, and charged to the account of People's Bank. On the same day remittance was made of the amount to the Federal Reserve Bank in Nashville by letter of credit. The next day was the 19th of January, a bank holiday, so that the letter of credit did not reach the Reserve Bank for attention until the morning of the 20th. The East Tennessee National Bank failed and did not open its doors that day, and the Federal Reserve Bank, being so advised, declined to accept the letter of credit, and thereupon charged back this item to the Commerce-Union Bank, which, in turn, canceled the conditional deposit of Mrs. Spears. The result was that Mrs. Spears did not get her money on the check issued by People's Bank in payment of its indebtedness to her. She filed her bill in this cause against both People's Bank and the Commerce-Union, on the theory that one or both were liable to her

The chancellor heard the cause on a written stipulation of the facts as above substantially recited and dismissed her bill. She has appealed. We find error.

400

■ The Commerce-Union Bank insists, and we think correctly, that it accepted the check of the People's Bank on the Knoxville Bank for collection only, and is chargeable only with reasonable diligence in making the collection, and that the evidence fails to show any negligence on its part or on the part of its selected collecting agencies. The bill was therefore properly dismissed as to it.

The People's Bank insists that, when it issued its check on the Knoxville Bank, in which it had funds, and when, thereafter, the check was presented to the Knoxville Bank and by it charged to the account of the People's Bank, payment was made and People's Bank discharged. To this we cannot agree on the facts of this case. The Knoxville Bank did not pay the check in money or its equivalent, but merely issued its letter of credit for the amount which, although handled with due dispatch, proved to be uncollectible.

■■ It is too well settled to be open to controversy that the claim of a creditor is not discharged by the issuance of a check or draft on a third party on which the debtor is unable, in the exercise of due diligence, to realize actual payment, unless it be proven that it was intended, as between the parties, that the check should be treated as absolute payment. *Kirkpatrick* v. *Puryear*, 93 Tenn., 409, 24 S. W., 1130, 22 L. R. A., 785; *Springfield* v. *Green*, 7 Baxt., 301; 21 R. C. L., p. 60, *et sequi*. And, since the relationship of debtor and creditor applies between a bank and its depositor, this rule applies to banks and their depositors, just as it does to others. See *Grissom* v. *Commercial Nat. Bank*, 87 Tenn., 350, page 355, 10 S. W., 774, 3 L. R. A., 273, 10 Am. St. Rep., 669.

█ In their "statement of case" counsel for People's Bank say: "The People's Bank set up in its answer that it followed the instructions of the Commerce-Union Bank and drew a draft on the East Tennessee National Bank at Knoxville," etc. It may be conceded that, if Mrs. Spears, or her agent, the Commerce-Union Bank, had given instructions to this effect, she might be precluded thereby, but the stipulation does not show that the Commerce-Union Bank instructed the People's Bank to remit in a check on the East Tennessee National Bank. According to the stipulation, the instructions given the People's Bank by the Commerce-Union Bank were to "remit direct to it by return mail." The People's Bank elected, without instructions or consent from the Commerce-Union Bank, or Mrs. Spears, to remit, not in money or its equivalent, but by draft on what proved to be an insolvent bank, with which neither the Commerce-Union Bank nor Mrs. Spears had any relations, and so located, at a distant point, that presentation for payment could only be made by a circuitous method necessarily involving delay. The risk thus arising was that of the People's Bank.

The insistence is made, as before stated, that the People's Bank was discharged when its check on the East Tennessee National Bank was presented to and accepted by that bank and charged against the account of the drawer, the People's Bank. This rule applies when the holder of a check accepts the credit of the drawee bank, or accepts in payment another check or draft drawn by the original drawee bank, here the East Tennessee National, unless, perhaps, when the utmost diligence is shown in the collection of the substitute check. See *Anderson* v. *Gill*, 79 Md., 312, 29 A., 527, 47 Am. St.

Rep., 402, 25 L. R. A., 200, and note, cited in 21 R. C. L., p. 68. But this rule cannot be given application here when it appears that neither Mrs. Spears nor her collection agents ever accepted from the East Tennessee National Bank any substitute form of payment, either credit on its books or a draft, check, or other form of order. What the East Tennessee National Bank offered, or proposed, in substitution and as payment was a letter of credit (in effect, a request that the Federal Reserve Bank give the East Tennessee National Bank credit therefor), rejected promptly upon presentation to the Federal Reserve Bank, with the result that the check drawn by the People's Bank remained unpaid.

The decree will be reversed and judgment entered here for Mrs. Spears against the People's Bank.