## Charles V. Whitten and others v. Daniel G. Wright.

*Debtor and creditor: Negotiable paper: Collateral security: Failure to pro test.* One who receives from his debtor, as collateral, negotiable paper of a third person, endorsed by the debtor, if he neglects to protest it for non-payment, thereby makes the paper his own and releases his debtor's endorsement.

*Promissory notes: Drafts.* There is no distinction, in the applicability of this doctrine, between promissory notes and drafts.

*Promissory notes: Failure to protest: Injury: Evidence: Insolvency of maker.* Evidence in such case that the endorser suffered no injury from the failure to protest, as the maker was insolvent when the note was given and had been ever since, is incompetent. It is of the utmost importance that no uncertainty should exist as to the rights and liabilities of parties to negotiable paper.

*Promissory notes: Value.* The value of a note depends not alone upon the solvency of the maker, but equally as much upon his integrity and business habits.

*Fraudulent misrepresentations: Evidence.* The exclusion of evidence of the insolvency of the maker, and of a letter from defendant to plaintiff concerning his solvency, offered to make out a case of fraudulent misrepresentations, is not error where the offer does not include a proposal also to show that defendant knew the statements in the letter to be untrue.

*Promissory notes: Warranty: Issue.* Any right of action based upon a warranty by the indorser of the solvency of the maker is not within the issue of an action brought in the ordinary way upon the note.

*Heard April 14. Decided April 20.*

Error to Van Buren Circuit.

This was an action of assumpsit to recover the purchase price of certain goods sold and delivered by plaintiffs to

defendant, and upon a promissory note made by A. A. Hough and endorsed by defendant and delivered by the latter to plaintiffs as collateral to the payment of the purchase price of said goods. The plaintiffs failed to protest the note when it fell due. Defendant recovered judgment below, and the plaintiffs brought error.

*Richard & Mills,* for plaintiffs in error.

*Severens, Boudeman & Turner,* for defendant in error.

MARSTON, J:

The arguments in this case were quite elaborate, especially those of counsel for defendant, who also cited a large number of authorities in support of the ruling of the court below. We do not deem it necessary to enter into an extended discussion of the principles involved in this case or to review or attempt to harmonize the authorities cited, as the questions raised must be considered as settled in this state by the previous decisions in *Jennison v. Parker,* 7 *Mich.,* 355, and *Phœnix Ins. Co. v. Allen, 11 Mich.,* 501.

A distinction is sought to be created between a failure to protest an endorsed note of a third party, as in this case, and a failure to protest a draft, as in the cases referred to. We can see no good reason for any such distinction. Each are cases of negotiable paper and involve the rights of an endorser to protest and due notice thereof to fix his liability and to enable him to take such steps as he may consider advisable to protect himself.

Upon the trial counsel for plaintiffs offered to show that at the time the note was given the maker was insolvent; also that he was insolvent at the time of its maturity, and continued to be so up to the time of the trial, for the purpose of showing that if the note was not properly protested the defendant lost nothing by it.

It is of the utmost importance that no uncertainty should

exist as to the rights and liabilities of parties to negotiable paper. Should the introduction of evidence upon the trial be sanctioned, to show that an endorser had not suffered any injury from a want of protest and notice, an element of uncertainty would then exist and the way would be opened for a new class of questions and much needless litigation. The value of a note cannot always be determined from the solvency or insolvency alone of the maker. As was said in *Rose v. Lewis, 10 Mich., 485*, "the value of negotiable paper is well understood not to be absolutely dependent on the amount of property liable to execution which may be possessed by its · maker. A very large portion of current securities of undoubted goodness would, under such a test, be worthless. And in cases where a holder of such paper is indebted to the maker, it may be as valuable to him, by way of set-off, as if the maker were wealthy and in sound credit. The value of commercial paper must always depend very much upon the integrity and business habits of those who issue it. And we cannot perceive · the justice or good sense of any rule which should disregard the results of common experience." If the note in this case had been properly protested and notice thereof given the defendant, he might have been able to collect it or secure its payment.

We think the evidence offered was properly excluded. This evidence was also offered to show that the plaintiffs were induced to take the note through the fraudulent misrepresentations of the defendant. The court inquired if counsel proposed to show ·fraud in the transaction. This was not claimed, but merely that the facts stated in the letter of May 16, 1874, written by defendant to the plaintiffs concerning the solvency of the maker of the note, were not true, but whether defendant knew they were or not counsel was not prepared to say.

Under these circumstances the evidence offered was properly excluded. It is now said that the statements referred to were in effect a warranty; that if they turned out to be

false the warranty was thereby broken and defendant liable thereon. Even if this view were correct, this case was not commenced or tried upon any such theory. The fact of a warranty and breach thereof was not in issue under the pleadings.

As we do not discover any error in the record, the judgment must be affirmed, with costs.

The other Justices concurred.