### † VEAZIE BANK *versus* WINN.

To charge an *indorser* of a check drawn upon a bank, it must be presented for payment within a *reasonable time;* and the holder is allowed until the next day after receiving it, for that purpose. ·

Where a check is dated at, and drawn upon a bank in *Boston,* and there is no evidence in the case, that before presentment it was held by any one residing out of that city, a presentment of it for payment three days after it was drawn, is too late to charge the indorser. ·

ON REPORT from *Nisi Prius,* HATHAWAY, J., presiding.

ASSUMPSIT, on the following check : —

                 " GROCERS' BANK.

" $3126,88.                      Boston, Nov. 4, 1854.

" Pay to John Winn, Esq., or order thirty-one hundred twenty-six dollars, $\frac{88}{100}$.               E. Paulk.

" To the Cashier."

This check was indorsed in blank by the payee.

Plaintiffs gave in evidence the check and notarial protest.

By the protest it appeared that the notary, at the request of the cashier of the Exchange Bank, presented the check at the Grocers' Bank on Nov. 7th 1854, for payment, which was refused; and that he notified the drawer and indorser.

The defendant gave in evidence the statute of Massachusetts in force at the date of the check and protest.

On this evidence the Court were authorised to render judgment by nonsuit or default, according to the legal rights of the parties.

*Peters,* for defendant.

This check was drawn at Boston and payable there, and is not entitled to grace. In the matter of *Brown,* 2 Story, 502; *Bowen* v. *Newell,* 5 Sandf. 326; *Taylor* v. *Wilson,* 11 Met. 44. Not being presented until three days after it was due, the indorser is discharged.

On such paper only, a reasonable time is allowed to present it, and one day is considered reasonable time. *Boehm* v. *Sterling,* 7 T. R. 423; *Down* v. *Halling,* 4 B. & C. 330; *Rothschild* v. *Corney,* 9 B. & C. 388.

*A. Lyon* and *E. Kent*, for plaintiffs.

TENNEY, J. — A check is, in form and effect, a bill of exchange, 3 Kent's Com. § 44. The difference between one and the other is, that the former is drawn upon a bank, or on the house of a private banker, is payable on presentment, and the bank or banker is not entitled to days of grace upon it, although payable on some other day than its date. It may pass from hand to hand, and a reasonable time to each party receiving the same to present it for payment, is allowed; and the next day after receiving it, is held to be such reasonable time. *Taylor* v. *Wilson*, 11 Met. 44.

As between the holder of the check and the indorser, it ought to be presented with due diligence. 3 Kent's Com. § 44, pp. 46, 58. And the holder must not only show a demand, or due diligence to obtain the money of the drawer of the check, but he must give reasonable notice to the indorser, to entitle him to a suit against him. Ibid. 72.

In the case of *Mohawk Bank* v. *Broderick*, 10 Wend. 304, it was held, that to charge an indorser upon a check for money, it must be presented with all dispatch and diligence consistent with the transaction of other commercial concerns; that greater diligence is required in presenting it, than in presenting bills of exchange; and what would be a reasonable time, depends on the circumstances of each particular case.

If a check on a banker be delivered to a person distant from the place where it is payable, it will suffice to forward it by post or otherwise, to some person residing in the latter, on the day after it is received, and it will suffice for him to present it on the third day. Chitty on Bills, 420, (8th Am. Ed.) *Rickford* v *Ridge*, 2 Campb. 537.

The check, upon which this action was brought, is dated at Boston on Nov. 4, 1854, and drawn upon a bank in that city, in favor of the defendant, and by him indorsed in blank, with no date, additional to that on the check. No facts are disclosed by the case, excepting what appears upon the check,

and in a copy of the notarial certificate; and on the latter, it is stated, that the check was presented at the bank, on which it was drawn, (having been delivered to the notary for that purpose, by Joseph M. Marsh, cashier of the Exchange Bank, which is understood to be a banking house in the city of Boston,) on Nov. 7, 1854, and payment was refused upon a demand then made. There is no evidence whatever, that the plaintiffs were the holders of the check prior to the time, when it was presented for payment, or that it had then been held by any party excepting the defendant, and the Exchange Bank.

The burden of showing a demand, within a reasonable time, in order to hold the indorser, is upon the plaintiffs; and the paper having been drawn in Boston, upon a bank situated there, presumed to have been indorsed by the defendant on the day of the date, and held after the negotiation by a bank, in the same place, the presentment cannot be regarded as having been made, under these circumstances, within a reasonable time.

It becomes unnecessary to examine the question, whether the defendant had notice of the demand, such as was made. According to the agreement of the parties, the plaintiffs must be                                                    *Nonsuit.*