GEORGE D. COLEMAN *vs.* ORLANDO E. LEWIS.

Plymouth.   January 14, 1903. — June 16, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Bills and Notes.  Evidence,* Of general repute.

The rule, that a failure to present a note for payment and to give notice of its dishonor, thereby discharging an indorser, operates as payment, does not apply to a note given as collateral security and not as conditional payment.

If the maker of a promissory note pledges a note of another person for a larger amount as collateral security, and the pledgee fails to demand payment of the note held by him as collateral or to give notice of its dishonor, thereby discharging an indorser, this cannot be set up as payment by the maker of the first note when sued upon it, although he can show in recoupment the damages suffered

by him from the negligence of the plaintiff in failing to present the pledged note or to give notice of its dishonor.

The holder of a promissory note as collateral security cannot explain his failure to demand its payment when due or to give notice of its dishonor, by showing that the maker of the pledged note was reputed in the community to be of no financial ability, but the presiding judge in his discretion may admit such evidence of general repute for the purpose of corroborating previous testimony of the pledgee that the pledgor had told him that he did not know where the maker of the pledged note lived and that it was not necessary for the pledgee to take any further trouble to find him as the pledgor would very shortly pay the note for which the pledged note was held as collateral, this being evidence that present-ment and notice of dishonor had been waived.

CONTRACT on two promissory notes for $2,500 each. Writ dated October 7, 1901.

At the trial in the Superior Court before *Bell*, J., the jury returned a verdict for the plaintiff for the full amount of the notes with interest. The defendant alleged exceptions raising the questions stated by the court.

*E. F. McClennen*, for the defendant.

*W. N. Buffum*, for the plaintiff.

LORING, J. The plaintiff in this case held two notes of the defendant, each of them for $2,500. On being pressed for payment the defendant handed the plaintiff's agent, as collateral security, three notes, each for $1,000; two were payable to the defendant and were indorsed by him and by him alone, and the third was signed by one Natalie, payable to one Lazaro and indorsed by Lazaro and the defendant. Each of the collateral notes fell due while in the hands of the plaintiff's agent, no one of them was paid, or presented for payment, and no notice of non-payment was given to the defendant or to Lazaro.

At the trial the defendant asked the judge to instruct the jury that the collateral notes were to be treated as payments for their face value by reason of the failure to present them for payment and to give due notice of their dishonor.

The rule invoked by the defendant is a rule which obtains when a note is taken as conditional payment of a debt. In such case the condition on which the note is given and accepted is that it shall be duly presented for payment and that if it is not so presented and due notice of its dishonor given, the payment will become absolute. The rule is a rule of the common law and was set forth in St. 3 & 4 Anne, c. 9, § 7, which was enacted to

remove all doubts as to promissory notes being within the custom of merchants. It is there provided that if any person accept a bill of exchange "for and in satisfaction of any former debt," the same shall be esteemed a full and complete payment if such person "doth not take his due course to obtain payment thereof, by endeavoring to get the same accepted and paid, and make his protest as aforesaid, either for non-acceptance or non-payment thereof."

All the cases cited by the defendant are cases of notes or bills taken as conditional payment except *Peacock* v. *Pursell*, 14 C. B. (N. S.) 728, and *Whitten* v. *Wright*, 34 Mich. 92, which are cases where this rule was applied or said to be applicable to notes given as collateral security for a debt and not as conditional payment thereof. To the cases cited by the defendant may be added a dictum of Story, J. in *Lawrence* v. *McCalmont*, 2 How. 426, 454. See also Marshall, C. J. in *Hamilton* v. *Cunningham*, 2 Brock. 350, 367–370.

But we are of opinion that where a note is given as collateral security the doctrine that a failure to present and give notice of dishonor operates as payment does not apply. In such a case, the loss of an indorser's liability through a failure on the part of the pledgee to present the note for payment and to give notice of dishonor to the indorser is material when the defendant undertakes to recover damages for the negligence of the pledgee in his care of the collateral committed to his charge or to set up those damages in recoupment. The conclusion reached in *Peacock* v. *Pursell*, *ubi supra*, can be supported on that ground. But the effect of the release of the indorser's liability on these collateral notes through the negligence of the plaintiff's agent as ground for recoupment, apart from the contention that the failure to present and give notice of dishonor operated as payment, was not raised by the rulings requested by the defendant, and the only exceptions before us in this connection are, to the refusal to give the rulings requested, and to the charge, so far as it was inconsistent with the rulings requested. No exception was taken to the instruction given by the presiding judge on this point.

There was also an exception to the admission in evidence of testimony to the effect that Lazaro was reputed in the commu-

nity to be of no financial ability. The financial standing of Lazaro could not be proved by general repute. *Bliss* v. *Johnson,* 162 Mass. 323. See in this connection *Commonwealth* v. *Loewe,* 162 Mass. 518. But the plaintiff contends that this was competent because he had testified that he went to the defendant before the Lazaro note fell due and asked him where Lazaro and Natalie lived, and the defendant told him that he did not know, and that it was not necessary for him to take any further trouble to find Natalie and Lazaro as he, the defendant, would very shortly take up the notes. His contention is that this evidence as to Lazaro's financial reputation was admissible as corroborating that story which was evidence that the presentment and notice of dishonor of that note had been waived. We cannot say that the testimony was not admitted for that purpose, and are of opinion that if it was admitted for that purpose its admission was within the discretion of the presiding judge.

*Exceptions overruled.*