Lawrence, J.
On September 10, 1903, the State Banking & Trust Company recovered a judgment in this court against TI. C. Schubert for the sum of $1,507.50 on a cognovit note given by him to said company, which contained the usual warrant of attorney for the confession of judgment, no summons being served on Sehmbért. On April 29, 1904, Schubert filed this petition to vacate the judgment on the ground that the defendant herein *546 took judgment on said note for more than there was due to it thereon, and the plaintiff says that at the time said judgment was obtained there was nothing due upon said note. He admits the execution and delivery of said cognovit note, which was dated July 1, 1903, and payable August 8, 1903; but he says ■that as a part of the same transaction and at the time he indorsed and delivered to the defendant as collateral security for the payment of his said note a certain note for the sum of $3,600, made and delivered by the Pittsburg Rubber Tile & Marble Company to the U. S. Schubert Mosaic Company, payable on August 8, 1903, at the city of Pittsburg, which note was indorsed by Albion E. Best and W. Gordon Miller,' who, it is alleged, were on August 8, 1903, and now are solvent and responsible persons'; that the Pittsburg Rubber Tile & Marble Company, the maker of said collateral notes, became insolvent; and that the defendant negligently failed to have said collateral notes protested or -to demand payment of the same or to give ^notice to the indorsers of the non-payment thereof, whereby the said indorsers were released from liability.
It is further said in the petition that because of the failure of the defendant herein to prevent said note of the Pittsburg Rubber Tile & Marble Company for collection, and because of its failure to demand payment of said indorsers and to give them due notice of the failure of the maker of said note to pay the same, and to have the same duly protested according to law, this plaintiff was injured and damaged in the sum of $3,600, with legal interest .thereon from April 8, 1903, for which sum of money he had a set-off and counter-claim against the defendant herein on said $1,500 note of July 1, 1903, and that on said September 10, 1903, by reason of said set-off and counterclaim, there was nothing due to the defendant herein on said promissory note of July 1, 1903, and that the said judgment taken upon warrant of attorney in the.Court of Common Pleas of Cuyahoga County, Ohio, on September 10, 1903, was taken for ,an amount, no part .of which was then due to the defendant herein from this plaintiff.
The defendant, for answer, admits the recovery of the judgment against H, C, Schubert; that the same is still in full force; *547 that it caused ail execution to be issued thereon and a levy made upon real estate; that said Schubert delivered to the State Banking & Trust Company a certain promissory note as collateral security; and it denies each and every other statement, averment and allegation set forth in said petition, and prays that said petition be dismissed at the cost of plaintiff.
The ease has been heard upon the .testimony, and the evidence on the part of the' plaintiff tends to show that the allegations in the petition are true; and without reviewing the testimony in detail or passing-upon the weight of it, I think that if upon the facts stated .the plaintiff -would in law be entitled to the relief he asks, the judgment should be -opened up and the case set down for trial before a jury. I do not understand that this court -can now finally determine .the issue of fact. The petition is based upon Section 5354, Revised Statutes, which provides that the common pleas court may vacate or modify its own judgment or order, afiteij the term at which -the same was made-, on the following, amongst other grounds:
“9. For taking judgment upon warrant of attorney for more than was due the plaintiff, when .the defendant wai not summoned, -or otherwise. legally notified -of the time and place of taking such judgment.”
It was argued by counsel for the plaintiff that where the holder of a note as collateral security negligently fails to present the same for payment and to take the necessary steps to hold the indorser, such negligence on the part -of the creditor is equivalent to -actual payment of the principal note. There are some authorities to this effect, although not many. In the case of Whitten v. Wright, 34 Mich., 92, it is held in the syllabus as follows:
“One who receives from his debtor, as collateral, negotiable paper of a third person, indorsed -by the debtor, if he neglects to protest it for non-payment, -thereby makes the paper his own and releases his debtor’s indorsement.
- “There is no distinction, in -the -applicability of this doctrine, between promissory notes and drafts. ,
‘ Evidence, in such case, that -the indorser -suffered no injury from failure to protest, as the maker was insolvent when the *548 note was given and has been ever since, is incompetent. It is of the utmost importance that no uncertainty should exist as to the rights and liabilities of parties to negotiable paper.”
Upon the argument here, an English ease was cited, to the same effect. In Jones, Pledges & Collateral Securities, Sections 701, 702, it is said:
“Whether the creditor’s negligence conclusively makes him liable, as, for instance, whether his failure to protest a note for non-payment at maturity so as to charge the indorser .thereby conclusively makes the paper his own, or whether he may show that his debtor sustained no actual damage by failure to charge •the indorser, for the reason that the indorser was insolvent when the paper matured and has continued so up to the time of the trial, is a question upon which the authorities are not agreed. On the one hand, it is claimed that to allow such evidence would introduce an element of uncertainty as to the rights and liabilities of parties to negotiable paper, and give rise to much needless litigation. Moreover, the paper may be valuable to the pledgor by way of set-off, .although uncollectible by the pledgee. Upon ■this ground, it is held in Michigan that' the creditor is in every case chargeable with the amount of the note. * * *
‘ On the other hand, it is held that .the actual loss or prejudice to the pledgor is the criterion of the pledgee’s liability for failure to charge the indorser, or for negligence in prosecuting the collection of the collateral. Mere neglect on the part of the creditor in collecting the securities, without proof that loss has occurred through such neglect will not make the securities his own. ’ ’
A number of authorities were cited in support of the latter view of the question. In the ease of Roberts v. Thompson, 14 Ohio St., 1, our Supreme Court, in the syllabus, say:
“Where a party receives a note as collateral security for an existing debt, without any special agreement, he is bound to use ordinary care and diligence in collecting it, and is responsible for any loss which may happen to the other party by reason of a want of such care and diligence.”
The recent case of Coleman v. Lewis, 183 Mass., 485, contains a direct holding to the effect .that a failure to present for payment a note given as collateral security, and to give notice of *549 its dishonor, thereby discharging its indorser, does not amount to a'payment of the principal note. In the syllabus it is said:
‘ ‘ If the maker of a promissory note pledges a note of another person for a larger amount as collateral security, and the pledgee fails to demand payment of the note held by him as collateral, or to give notice of its dishonor, .thereby discharging an indorser, this can not be set up as payment by the maker of the first note when sued upon it, although he can show in recoupment the damages suffered by him from the negligence of the plaintiff in failing to present the pledged note or to give notice of its dishonor. ’ ’
Without stopping to examine the authorities further, I am of opinion that the consequence of failing to take steps to charge an indorser is merely a liability for loss resulting from the negligence of the creditor, and any claim .arising in such ease is, under our procedure, of such a nature that it must be asserted either in an independent action or as a counter-claim for damages.
If the judgment here be vacated, the claim could be asserted in the original .action by way of counter-claim only. Section 5069, Revised Statutes, defines a counter-claim as follows:
“A counter-claim is a cause of action existing in favor of a defendant, .and against a plaintiff, or another defendant, or both, between whom a several judgment might be had in the action, and .arising out of the contract or transaction set forth in the petition .as the foundation of the plaintiff’s claim, or connected with the subject of the action.”
It is thus defined as a cause of action. While in a sense a counter-claim may be regarded as a defense, it is not a defense which defeats .the plaintiff’s cause of action. It may defeat a recovery by the plaintiff, but this is by way of recoupment only and not .as a bar (Steamboat Wellsville v. Geisse, 3 Ohio St., 333; Timmonson v. Dunn, 4 Ohio St., 680). A counterclaim is an independent claim founded upon a cause of action which need not arise even out of a contract or transaction set forth in the petition. It is sufficient if, 'as in this case, it is merely connected with the subject of the action. A defendant need not set up liis counter-claim, but may elect to sue there *550 on in a separate action. The only penalty for not setting up a counterclaim is, if a defendant omit to set it up, he can not recover costs against the plaintiff in any subsequent action thereon.
• I doubt if this penalty would apply in a case like this, where a defendant had no notice of the action, ¡because in such case I do not think the defendant can be said to have omitted to set up his counter-claim within the meaning of this statute.
Recurring again to Section 5354, Revised Statutes, it will be seen that the ground upon which this judgment can be opened up, if it is opened at all, is that- the judgment was taken upon a warrant of attorney for more than was due the plaintiff. In my opinion this means more than was due to the plaintiff upon the instrument upon which the judgment was taken, after considering the .defenses which might be made in bar to the claim sued on. It does not mean that ’the defendant had a right to assert a counter-claim because it was connected with the subject of the action, the subject-matter of the claim not being a matter which may be pleaded in defense of the cause of action.
I therefore conclude that, so far as this question is concerned,, no case has been made for vacating the judgment.
A further ground is urged why this judgment should be vacated, because -the amount of the judgment includes interest from the date of the note, whereas the testimony shows that $5.50 was paid for interest at the time the note was given. I think that this is a ground for the modification of a judgment, not for its vacation. If the only question was the excess of the $5.50 in the amount of a judgment, what reason could there be to suspend the enforcement of the judgment until the validity of the defense to the extent of such payment of $5.50 shall be passed upon, inasmuch .as the defense is admitted, and if the judgment be opened up and the defense be hereafter adjuded valid, the court would then simply modify -the judgment to the extent of such excess.
It' is said that unless this judgment is vacated, plaintiff’s homestead will be sold at forced sale. I do not think that this is a matter that can be considered in a statutory action for the vacation of a judgment. As any judgment which may be obtained on the plaintiff’s claim .against the defendant for damages *551 would be tbe proper subject of set-off against the present judgment in favor of the defendant, if any equitable considerations exist why the enforcement of the existing judgment should be stayed until the determination of an action brought to recover such damages, it would be a matter -to be presented in that action.
Foran, McTighe & Marvin, for plaintiff.
Smith, Taft & Arter, for defendants.
The judgment of the court will be, that the petition of the plaintiff be dismissed at his costs.