O. G. Start *v.* T. L. Tupper.

January Term, 1908.

Present: Rowell, C. J., Tyler, Munson, and Watson, JJ.

Opinion filed March 2, 1908.

*Bills and Notes—Checks—Indorser—Liability—Holder's Default of Seasonable Presentment and Notice—Effect.*

The considerations on which the holder of a check drawn without funds is permitted, as against the drawer, to excuse his failure seasonably to present it for payment, are not applicable to an indorser.

An indorser's liability is impliedly conditioned on prompt presentment and notice of nonpayment, and failure therein will discharge him, regardless of whether presentment in due course would have been availing.

In default of seasonable presentment and notice, an indorser of a check drawn without funds can be charged only by affirmative proof that he knew when he passed the check that there were, or would be no funds in the bank to meet it.

ASSUMPSIT against defendant as indorser of a check for $110.74. Plea, the general issue. Trial by jury at the September Term, 1907, Franklin County, *Miles,* J., presiding. The defendant rested, without offering evidence, and moved for a verdict. Motion overruled, to which the defendant excepted. Whereupon the plaintiff moved for a verdict on the ground that the defendant was not damaged by the plaintiff's neglect seasonably to present the check for payment. This motion was granted, and a verdict directed for the plaintiff for the face of the check, with interest and costs. The defendant excepted. The opinion sufficiently states the case.

*Tupper & Start* for the defendant.

The evidence shows negligence on the part of the plaintiff, in not presenting and forwarding the check. The rule is well settled that negligence of the plaintiff relieves an indorser. The check was good at the time plaintiff received it and was good for two days after. He held the same at his own risk. 5 Am. & Eng. Enc. Law, (2nd ed.) 1040, 1045; *Gregg & Co.* v. *Beane,* 69 Vt. 22.

*Lee S. Tillotson* for the plaintiff.

MUNSON, J. On the 22d of August, 1906, the defendant, the payee of the check in suit, delivered it to the plaintiff, duly indorsed, in payment of a preexisting indebtedness of less amount, and received the difference in cash. The check was dated August twentieth, and was drawn on a bank in Melrose, Mass. The plaintiff held it six days before forwarding it for collection. It was presented and protested for want of funds September fourth. August twenty-fourth was the last day on which payment would have been made. The case states that the defendant is sued as indorser.

Most of the facts, including those above recited, were shown by an agreed statement. The evidence before the jury was with reference to what "the usual commercial way now in use" required of the bank through which the check was forwarded, and when the check would have been presented for payment if it had been received by the collecting bank on the twenty-third

of August, and been forwarded in the way required. Several exceptions were taken to the admission and rejection of testimony. The defendant rested without offering evidence and moved for a verdict, and his motion was overruled on the ground that the defendant was not damaged by the plaintiff's neglect, inasmuch as the check would not have been paid if forwarded in due course. The plaintiff then moved for a verdict on the ground indicated, and a verdict was ordered accordingly, to which the defendant excepted.

It is not necessary to consider the exceptions relating to the evidence. The agreed statement shows a failure to forward in due course, and this is decisive of the case presented. The considerations on which the holder of a check drawn without funds is permitted to excuse his neglect as against the drawer, are not applicable to an indorser. The drawer is presumed to know the insufficiency of the fund, while the indorser is entitled to rely on its sufficiency. The drawer is the one primarily liable, and prompt presentment and notice of non-payment may enable the indorser to secure himself. The indorser's liability is impliedly conditioned on this being done, and a failure therein will discharge him, even though presentment in due course would have been unavailing. In default of presentment and notice, an indorser can be charged only by affirmative proof that he knew when he passed the check that there were or would be no funds in the bank to meet it. Daniel Neg. Inst. §§ 1587, 1596, 1646; *Humphries* v. *Bicknell,* Litt. 297; *Carroll* v. *Sweet,* 128 N. Y. 19; see *Nash* v. *Harrington,* 2 Aik. 9.

*Judgment reversed and cause remanded.*