# CHARLESTON.

## J. L. NUZUM *v.* W. H. SHEPPARD.

Submitted October 12, 1920.   Decided October 19, 1920.

1. BILLS AND NOTES—*Holder of Check Must Exercise Reasonable Diligence in Making Presentment.*

   The person receiving a check drawn on funds in a bank is bound to exercise reasonable diligence in making presentment thereof for payment, if he wishes to avoid discharging an endorser thereof. (p. 246).

87 W. Va.:

2. Same—*Reasonable Diligence in Presentment of Check is Question of Law.*

   As to what constitutes reasonable diligence in the presentment of a check for payment to the bank upon which it is drawn, where the facts are conceded, is a question of law for the court.   (p. 247).

3. Same—*Time of Presentment of Checks Stated.*

   If the person receiving such a check and the bank upon which it is drawn are in different places, such a check must be forwarded for presentment by mail, or some other ordinary mode of transmission, on the next day after the receipt thereof at the place at which the payee resides, or does business, if reasonably and conveniently practicable, and if not so, then upon the next day thereafter, and the same must be presented to the bank upon which it is drawn and payment demanded at the latest upon the day after its receipt at the place at which such bank is located.   (p. 246).

4. Same—*Inexcusable Delay in Presenting Check Will Discharge Indorser if Check is not Paid.*

   Inexcusable delay in presenting a check for payment will discharge an endorser from liability thereon if the check is not paid, whether he is in fact injured or not.   (p. 248).

5. Same—*Failure to Present Check Received in Conditional Payment of Debts Makes Payment Absolute.*

   When a check is received in conditional payment of a debt, the failure to present it for payment and give notice of dishonor within a reasonable time after its receipt operates to make such conditional payment absolute.   (p. 249).

   (Williams, President, absent.)

Error to Circuit Court, Jackson County.

Action by J. L. Nuzum against W. H. Sheppard.   Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Warren Miller, Lewis Miller* and *T. A. Brown,* for plaintiff in error.

*M. C. Archer* and *J. L. Wolfe,* for defendant in error.

Ritz, Judge:

On the 27th day of November, 1918, plaintiff made sale of his farm to the defendant at the price of five thousand dollars.

·Of this sum one thousand dollars was to be paid in cash. This cash payment was made by the defendant delivering to the plaintiff a note which plaintiff owed the defendant for the sum of five hundred dollars, by turning over to him a check which defendant had received from one O. S. Hutchinson for the sum of three hundred and sixty-five dollars, and the residue, one hundred and thirty-five dollars, by a check drawn by defendant's wife. The check of Hutchinson, above referred to, was made payable to the order of the defendant W. A. Sheppard, and in figures the amount thereof was given as "$365.00", but the words written out in the body of the check were "Three Sixty Five Dollars." This check was dated the 30th day of November, and was endorsed on the back in blank by the defendant at the time he turned it over to the plaintiff. It appears that the plaintiff resided about 16 or 17 miles from the town of Ravenswood, at which place was located the Jackson County bank upon which the check was drawn, and that there was a daily mail from plaintiff's post office to the town of Ravenswood, leaving plaintiff's post office between one and two o'clock in the afternoon, and reaching the town of Ravenswood about one hour later. Plaintiff says that he sent this check to the bank upon which it was drawn on the ·7th of December, just one week after its date, and that the same was not paid, but was returned to him by said bank with the notation made on the bottom of the letter with which he had enclosed it advising him of the omission of the word "hundred" between the words "three" and "sixty" in the written part of the check. Plaintiff says that he thereupon went to the home of the defendant, and the defendant being absent he presented . to the defendant's wife the written memorandum made by the officer of the bank above referred to, which she says she forwarded to her husband, who was then in North Carolina, and which her husband says was received by him. Plaintiff again presented this check to the bank on the 8th day of January, 1919, and demanded payment thereof, which ·was refused, the answer being made that there were no funds with which to pay the same. Notice of the dishonor was then given to the defendant as the endorser of said check, and upon his

refusal to pay the same this suit was instituted to recover from him the amount thereof.

It is shown by the cashier of the bank that on the 30th day of November, the date of this check, the maker of the check, Hutchinson, deposited in the bank the sum of $4750.00, and that from that date until the 9th of December there were at all times sufficient funds in the bank with which to pay the check. After the 9th of December there were no funds remaining in the bank to the credit of Hutchinson. Hutchinson, it appears, failed in business in the month of January, and was adjudged bankrupt. On the trial of the case in the circuit court of Jackson county the plaintiff had a verdict for the amount of said check, with interest, upon which judgment was rendered.

The defendant insists that this judgment should be reversed, for the reason that it appears from the plaintiff's own testimony that he did not present this check for payment within a reasonable time after the date thereof, for which reason the defendant is discharged of liability as an endorser thereon.

That it is the duty of one to whom a check is delivered to present the same at the bank upon which it is drawn for payment within a reasonable time is conceded. The questions we have for solution here are: first, was the presentation of the check in this case made within such reasonable time; and, second, if it was not, what was the effect of the plaintiff's failure so to present it?

That the plaintiff failed to present this check at the bank upon which it was drawn within a reasonable time admits of no doubt under our holdings. The check was dated the 30th day of November, which was Saturday. Had the bank upon which the check was drawn been located at the place of plaintiff's residence, it would have been his duty to present it at the latest on the next business day after its date, which would have been Monday, the 2nd of December. The bank upon which it was drawn was not at the place of plaintiff's residence, but at the town of Ravenswood, about 16 or 17 miles distant. What then was the plaintiff's duty? He would be required to forward the check to the place of payment for presentation,

by mail or some other usual mode of transmission,· on .the next day after the receipt thereof by him, if this could reasonably and conveniently be done, and then to have the same presented for payment not later than the day following its arrival at the place of payment.	This is the doctrine laid down by this Court in the cases of *Lewis, Hubbard & Company* v. *Montgomery Supply Company,* 59 W. Va. 75; and *Pinkney* v. *Kanawha Valley Bank,* 68 W. Va. 254.	Applying these rules to the facts as stated by the plaintiff, we find that there was a daily mail running from plaintiff's place of residence to Ravenswood, the place of payment of the check, leaving· plaintiff's place of residence between one and two o'clock in the afternoon, and arriving at Ravenswood about an hour later. This being so, it was his duty to forward this check to Ravenswood for presentation to the bank upon which it was drawn not later than the mail leaving his post office on the afternoon of Monday, the 2nd day of December.	It further appears that this·train would have reached Ravenswood between two and three o'clock, so it may be said that it could not have been conveniently presented for payment on that date, but it was the plaintiff's duty to have· it presented during business hours on the next day.	His failure to have it presented for payment to the bank upon which it was drawn and demand payment thereof within the time above indicated was a failure upon his part to exercise due diligence in the collection of said check.	He did not present it within a reasonable time. The doctrine of. the authorities above cited is that where the facts are conceded, the question of what is a reasonable time is a question of law for the court, and not a question to be determined by the jury, and the court in this case should have found that the plaintiff failed to present the check for payment within a reasonable time, as it was his duty to do.

But what is the effect upon the defendant as endorser of said check of this failure upon the part of the plaintiff?	Is he discharged from his obligation as endorser?	It is argued that the check might not have been paid even had it been presented promptly, because of the apparent irregularity above· noted.	This defect would not justify the bank in refusing

payment of the check, for the negotiable instruments law provides that where there is an ambiguity in the written language of an instrument such as this, the figures will be looked to to determine what was intended.

Again, it appears in this case that the plaintiff sent this check to the bank upon which it was drawn, thus making it his agent for the presentment thereof. It was held in *Pinkney* v. *Kanawha Valley Bank, supra,* that it was negligence upon the part of the holder of a check to send it to the drawee bank for presentment. The plaintiff should have selected some other agency for the purpose of making the demand for payment. But it does not appear from the evidence of the bank officer by whom the check was received for what reason payment was refused. He says that he made the notation on the letter written to the bank by the plaintiff about which the plaintiff testified, and returned the check to the plaintiff. He does not say in his testimony, however, whether he refused payment of the check because there were no funds, or because of the irregularity above noted. He did not give notice of the dishonor of the paper at that time for the reason, as he states, that the plaintiff had not requested him to do so, but simply returned it to the plaintiff. It seems to. be very well established that an inexcusable delay upon the part of a holder of a check to present it for payment within a reasonable time will discharge the endorser, whether he is in fact injured or not. So far as the drawer of the instrument is concerned, he will not be discharged unless he can show that he has been injured, and then only to the extent that he has suffered from the delay, but an endorser's obligation is different, and if the holder of the instrument fails to present it at the place of payment within a reasonable time and give notice of its dishonor, should payment be refused, the endorser will be discharged regardless of whether such failure has resulted in loss to him or not. 8 C. J. p. 545; *Coleman* v. *Lewis,* 183 Mass. 485, 67 N. E. 603, 97 Am. St. Rep. 450; *Mauney* v. *Coit,* 80 N. C. 300, 30 Am. Rep. 80; *Comer* v. *Dufour,* 95 Ga. 376, 30 L. R. A. 300, 51 Am. St. Rep. 89; *First Natl. Bank* v. *Miller,* 37 Nebr. 500, 40 Am. St. Rep. 499; *Humphries* v.

*Bicknell,* 2 Littell 296, 13 Am. Dec. 268; *Kirkpatrick* v. *Pur-year,* 93 Tenn. 409, 22 L. R. A. 785, and note; *Aebi* v. *Bank of Evansville,* 124 Wis. 73, 68 L. R. A. 964; *Start* v. *Tupper,* 81 Vt. 19, 69 Atl. 151, 15 L. R. A. (N. S.) 213; *Veazie Bank* v. *Winn,* 40 Me. 60; *Marlin* v. *Home Bank,* 160 N. Y. 190; *First Natl. Bank* v. *Mackey,* 157 Ill. App. 408; *Harris Abattoir Co.* v. *Maybee et al.,* 31 Ont. Law Rep. 453. Checks are not intended to be used as media of exchange. When one gives a check or endorses a check given to him to another, he has a right to expect that such other will present the same for payment promptly, and if he fails to do so he in effect says to the endorser, I will no longer hold you as a party to this instrument. If such a check is turned over to one in payment of a debt it will not ordinarily be held to be a discharge of the debt, but if the holder fails to present it promptly, and to have notice of dishonor given, in case the same is not paid, such failure will result in discharging the debt for which it is given.

A number of instructions were given on behalf of the plaintiff which entirely ignore the duty which he was under to promptly present this check for payment, and the effect of his failure in this regard upon the endorser. The objection to the giving of these instructions should have been sustained. The instructions offered by the defendant present the theory of discharge of the endorser by failure to present the check for payment promptly, and should have been given.

We will reverse the judgment of the circuit court of Jackson county, set aside the verdict of the jury, and remand the case for a new trial.

*Reversed and remanded.*