## DOW v. COWAN. *

Circuit Court of Appeals, Eighth Circuit.
December 5, 1927.

No. 7882.

1. **Bills and notes ⬀407—Drawer is not released from liability on draft by delay in its presentation, not prejudicing him.**

Drawer of draft is not released from liability thereon by delay in its presentation, where he was not prejudiced thereby.

2. **Payment ⬀16(1), 21—Delivery of check or bill of exchange is only conditional payment.**

Delivery of check or bill of exchange as means of paying a debt is not absolute, but conditional, payment only.

3. **Payment ⬀53—Where check and draft delivered as payment of note were not paid, recovery may be had on original debt.**

Receiver of a bank, on allegation that defendant delivered to him a draft and cashier's check on another bank as payment of a note, which were not paid because of failure of bank on which drawn, *held* entitled to recover on original debt, though the note had been surrendered.

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Action at law by David Cowan, receiver of the First National Bank of Las Vegas, N. M., against W. A. Dow. Judgment for plaintiff, and defendant brings error. Affirmed.

C. R. McIntosh and J. O. Seth, both of Santa Fé, N. M., for plaintiff in error.

Charles W. G. Ward, of East Las Vegas, N. M., for defendant in error.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

SCOTT, District Judge. An action at law by David Cowan, as receiver of the First National Bank of Las Vegas, N. M., against W. A. Dow, to recover upon two instruments in writing, one a so-called customer's draft drawn on First National Bank of Springer, N. M., by W. A. Dow, in favor of David Cowan, receiver, for $377.67; the other, a cashier's check by C. R. Brown, assistant cashier of First National Bank of Springer, N. M., on that bank, in favor of W. A. Dow, for $1,225, indorsed "W. A. Dow."

The plaintiff alleged, and the testimony shows, that on May 26, 1925, W. A. Dow was indebted to First National Bank of Las Vegas in the sum of $1,602.67 on his promissory notes. On that day, shortly after 3 o'clock in the afternoon, the bank having previously suspended and the plaintiff being in possession thereof as receiver, Dow came to the banking house to take up his notes,

and delivered to the plaintiff the two instruments indorsed as aforesaid, and received his canceled notes. The plaintiff receiver, by order of the Comptroller of the Currency, was using Albuquerque National Bank of Albuquerque, N. M., as his depository and correspondent, to which he transmitted cash items for collection and credit. Plaintiff receiver was accustomed to transmit money and items for deposit to Albuquerque National Bank twice a week, and he had, on said 26th of May, transmitted his deposits. Plaintiff receiver did not therefore send forward the items in question, but held them, intending to forward them to the Albuquerque Bank for collection and deposit on May 30th. On the morning of May 30th plaintiff got a telephone message advising that the First National Bank of Springer would not open for business on June 1st. May 30th was Decoration Day, and a holiday, and May 31st was Sunday. The First National Bank of Springer did not open on June 1st, it having been closed by order of the Comptroller of the Currency, and was later taken possession of by his receiver, it being insolvent. Plaintiff did not, therefore, at any time transmit the items for collection, nor make presentment thereof to the First National Bank of Springer, its receiver, or other person in possession. The instruments were therefore not formally dishonored in the usual sense of that term. Plaintiff thereafter notified Dow of the suspension and closing of the First National Bank of Springer, and nonpayment of the check and draft, and demanded payment, which Dow refused, and this action was the result.

The defendant Dow, answering, pleads negligence upon the part of the plaintiff receiver in failing to promptly transmit the items for presentment and collection to the First National Bank of Springer, and claims to be released. The case was tried to a jury, and a verdict directed for the plaintiff; the court expressing the opinion that, while the plaintiff receiver was negligent in not promptly transmitting for presentment and collection, the defendant was in no way damaged thereby, for the reason that "the undisputed testimony is that, if he had sent these checks off on the 27th to the Albuquerque Bank, it was impossible for presentment to have been made to the First National Bank of Springer before it was closed." The defendant excepted to the ruling of the court directing a verdict in favor of the plaintiff, assigns error, and brings the case here on writ of error.

It is conceded that a prompt and reasonable time for forwarding the items would

*Rehearing denied February 10, 1928.

have been the 27th of May. The undisputed testimony shows that the usual course would have been for the plaintiff receiver to transmit the items to Albuquerque National Bank at Albuquerque, N. M., and if transmitted on May 27th would have been received on May 28th; that they would then have been transmitted to First National Bank of Denver, correspondent of the Albuquerque Bank, which correspondent would have turned them over to the Federal Reserve Bank at Denver, and the Federal Reserve Bank at Denver would have forwarded them for collection and payment to the First National Bank of Springer. The undisputed testimony shows that presentation could not thus be made within the time intervening between the 27th and the closing of the First National Bank of Springer. The testimony shows that this apparent circuitous route of transmission was dictated by the fact that the First National Bank of Springer was in a different federal series, and it was customary to clear through Denver.

It is contended by the defendant, plaintiff in error here, that the items could have been transmitted more directly; that the course of transmitting was circuitous and delayed presentment. The testimony shows, however, that many banks in northern New Mexico had been closed; that there was much apprehension of the stability of others; that no other bank at Las Vegas were correspondents of the First National Bank of Springer. Plaintiff in error undertook to show that there was another bank at Las Vegas open at the time. This testimony was ruled out, and the ruling is assigned as error. We think this ruling was correct, as the other bank was not a correspondent of the First National Bank of Springer, and it is a matter of common knowledge that, according to banking custom, such items pass through corresponding banks, unless some other more direct transmission is requested, and none was requested in this case.

[1] Plaintiff in error contends for two propositions: First, that he was released from liability on both instruments by reason of negligence and delay in transmitting for presentment and collection. As stated, however, the court ruled otherwise, and we think upon this question the ruling of the trial court was correct, as the undisputed testimony shows that the conduct of the receiver, defendant in error here, resulted in no damage. Second, plaintiff in error contends, that he was released from liability on the cashier's check for that, as respects that instrument, his liability was that only of an indorser; that while his liability as drawer of the custom-

er's draft was such that, if the holder neglected presentment within reasonable time and the bank failed, he would be discharged from liability to the extent of the injury sustained; that as respects the cashier's check, his liability being that of an indorser only, he would be discharged absolutely, whether or not he was injured by the delay. We regard the latter question as the only troublesome one in the case.

Plaintiff in error cites Daniel on Negotiable Instruments (6th Ed.) vol. 2, § 1170, and quotes: "In the first place, the want of prejudice or injury to the drawer or indorser is never a sufficient excuse for default in making presentment or protest, or giving notice of dishonor." The case of Nuzum v. Sheppard, 87 W. Va. 243, 104 S. E. 587, 11 A. L. R. 1024, is cited as holding that inexcusable delay in presenting a check for payment will discharge an indorser from liability thereon if the check is not paid, whether the indorser is in fact injured by the delay or not. Other cases are cited to the same effect. On the other hand, cases holding the contrary doctrine are cited by defendant in error. The older cases, holding that prejudice is not material, are generally based upon the theory that the debtor, though a bankrupt or insolvent, may still have friends who will come to his aid. No case, however, has been called to our attention, where the friends of a bankrupt or insolvent corporation have evinced such generosity. It seems to us, however, that this question becomes entirely immaterial when the whole state of the record here is considered. If we are to concede that, as the action stands upon the cashier's check, plaintiff in error was released as its indorser by failure to present for payment at a bank where neither the bank nor its receiver had any lawful power to pay, then plaintiff in error is confronted with this situation: that his notes were not paid, and that the receiver of the First National Bank of Las Vegas would be entitled to recover on the notes.

[2] It is well settled that the delivery of a check or bill of exchange as a means of paying a debt does not constitute absolute payment, but conditional payment only. We quote the general rule from 22 Am. & Eng. Encyclopedia of Law (2d Ed.) p. 550. "The execution by a debtor to his creditor of a negotiable bill of exchange or draft for the amount of a precedent indebtedness does not, unless the parties expressly so agree, constitute a payment and discharge of the original indebtedness, but, upon nonpayment of the bill or draft, recovery may be had on the original indebted-

ness. The same rule with regard to the presumption against the acceptance of a bill or draft as payment applies, where the bill or draft is drawn by a third person." Again, quoting from 9 Encyclopedia of U. S. Supreme Court Reports, 328: "A bill of exchange or promissory note given for a precedent debt does not extinguish the debt or operate as payment of the same, in the absence of a local usage giving it that effect, unless it is expressly agreed that it is received as payment, or there is clear and satisfactory evidence, which leaves no reasonable doubt that such was the intention of the parties." The same doctrine is held in Segrist v. Crabtree, 131 U. S. 287, 9 S. Ct. 687, 33 L. Ed. 125; and announced by this court speaking through Stone, Circuit Judge, in Royal Indemnity Co. v. Beiseker (C. C. A.) 245 F. 346, where it is said: "The acceptance of a check or draft in payment of an indebtedness in some other form does not operate as an extinguishment of that indebtedness, unless it appears that such was the intention of the parties." And, to the same effect, Cleve v. Craven Chemical Co. (C. C. A.) 18 F.(2d) 711.

[3] Now examination of the plaintiff's petition in this case shows that he pleaded the whole situation. The petition amply states the cause of action on the promissory notes, as well as upon the check and draft. The prayer is: "Wherefore, premises considered, plaintiff prays judgment," etc. It seems to us it unavoidably follows that the trial court in the circumstances must either have directed a verdict upon the check and draft, or upon plaintiff in error's notes. In these circumstances it does not seem to be material that the language of the trial court indicates the check and draft, rather than the promissory notes, as the direct basis of its judgment.

We think the judgment of the trial court should be and is affirmed.