CHARLES E. KEENAN, APPELLEE, V. NELLIE MCCLURE ET AL., APPELLEES: DAKOTA COUNTY ET AL., APPELLANTS.

FILED DECEMBER 29, 1933.   No. 28700.

*Sidney T. Frum* and *Malcolm R. Smith*, for appellants.

*W. V. Steuteville* and *Sherman W. McKinley, Jr., contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

LANDIS, District Judge.

This is a suit to foreclose a mortgage. In the decree the trial court ordered that the issue raised by the pleadings as to the validity of certain taxes and tax sales be continued for further hearing. A supplemental decree was entered declaring the mortgaged premises free and clear of taxes for the years 1927, 1928, and 1929. From this supplemental decree Dakota county and Harry Rockwell, county treasurer, appeal, being defendants below and appellants here. There is no objection to the original decree of foreclosure. Charles E. Keenan, mortgagee, plaintiff below, secured confirmation of the sale of the mortgaged premises in him, a cancelation of the taxes, and is appellee here.

It appears from the record that appellee was holder of a tax sale certificate and paid subsequent taxes for the year 1928. On December 5, 1930, Nellie McClure, mortgagor, appeared at the county treasurer's office about 3 o'clock p. m., and gave to Harry Rockwell, county treasurer, her check for $678.10 on the First National Bank of Sioux City, Iowa. This check was intended to pay for

the redemption from tax sale in the amount of $471.40, and taxes for the year 1929 in the sum of $206.70. Redemption certificate and tax receipt were thereupon issued by the county treasurer. Notice of redemption was received by appellee by mail, whereupon he promptly went to the office of the county treasurer, surrendered his certificate of sale and received county treasurer's check for the redemption money and at once cashed same. All of these matters occurred before any of the parties knew of the failure of the First National Bank of Sioux City, Iowa, which closed its doors December 6, 1930, at noon.

Appellee knew in the late afternoon of December 6 that the McClure check was on the failed bank as is evidenced by the conversation between him and the county treasurer.

When the county treasurer made his monthly settlement, about January 2, 1931, he used as a voucher the original tax sale certificate surrendered to him, upon which is indorsed "Paid & Canceled. John Sohn Board of Commissioners, Dakota county, Nebr."

When the First National Bank of Sioux City, Iowa, failed, Nellie McClure had on deposit therein $981.60. A check given by her on this account on the afternoon of December 5, 1930, which was deposited in and forwarded direct by the Nebraska State Bank of South Sioux City, Nebraska, was paid in due course. The same mail on the afternoon of December 5, 1930, after banking hours, carried direct remittances to the First National Bank of Sioux City, Iowa, from Nebraska State Bank, South Sioux City, Nebraska, and the Bank of Dakota City, Dakota City, Nebraska.

The Bank of Dakota City was the depository bank for Dakota county, located at Dakota City, Nebraska, the county seat, and where the county treasurer deposited the county funds. This bank, December 5, 1930, on the afternoon mail in question sent to the First National Bank of Sioux City, Iowa, its letter of remittance with checks and the same were not cleared, but returned. This letter of remittance contained items formerly deposited by the

county treasurer on the First National Bank of Sioux City, Iowa, and none of these were paid, but returned.

The McClure check was never actually deposited by the county treasurer in the depository bank at Dakota City, but on December 8, 1930, he was informed by the Bank of Dakota City that no items on the failed bank would be received. Later, on inquiry at Sioux City, Iowa, of the officials in charge of the failed First National Bank, he found he had no claim against the bank and that the check would not be honored.

On March 5, 1931, the county treasurer wrote the appellee advising him that he had canceled the redemption certificate and the receipt for the 1929 taxes which he had issued. Appellee's attorney advised the county attorney of Dakota county that, if an effort would be made by the county to collect the amount represented by the McClure check out of the dividends which were payable on her account in the failed bank, he would give them all the assistance possible and would stipulate that any effort which was made toward the collection of the check would not prejudice the rights of appellants in the further litigation, if further litigation were necessary.

First should be determined what was the reasonable time the county treasurer had under the circumstances of this case in which to present for payment the check received by him.

Technically taxes can only be paid in lawful money of the United States, but checks on banks are made to take the place of the actual cash, in that the check itself is the means of obtaining the money of the drawer from the bank for the holder.

Under our negotiable instruments law, chapter 62, Comp. St. 1929, it is provided that "a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank." Comp. St. 1929, sec. 62-1606. "A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the

loss caused by the delay." Comp. St. 1929, sec. 62-1603. Where a check is deposited which is payable in another city, it is exercise of ordinary care upon the part of the bank to forward the item by mail not later than the business day next following its receipt direct to the bank upon which it is drawn. Comp. St. 1929, sec. 62-1805.

Checks are not designed for circulation as a medium of exchange, and should be presented for payment with dispatch and diligence consistent with the circumstances of the case and the transaction of other commercial business. The holder of a check is bound to use due diligence in obtaining the money, and must present it and demand payment within a reasonable time.

In the instant case there are no special circumstances reflected by the evidence except that the holder of the check and the bank upon which it was drawn were in different places. Under such a status it is the almost universal rule that the payee of · the check is not guilty of such negligence as will shift the loss to him if he deposits it so it. may be forwarded by mail for presentment on the next secular day after it is received. *Scroggin v. McClelland,* 37 Neb. 644; *Anderson v. Rodgers,* 53 Kan. 542; *Lewis, Hubbard & Co. v. Montgomery Supply Co.,* 59 W. Va. 75; *Gifford v. Hardell,* 88 Wis. 538; *Holmes v. Roe,* 62 Mich. 199; *First Nat. Bank v. Buchannon Bank,* 80 Md. 475; *Smith v. Janes,* 20 Wend. (N. Y.) 192; *Aebi v. Bank of Evansville,* 124 Wis. 73; *Manitoba Mortgage & Investment Co. v. Weiss,* 18 S. Dak. 459; 17 Am. St. Rep. 807, note; 13 L. R. A. 43, note; *Nuzum v. Sheppard,* 87 W. Va. 243; *Edmisten v. Herpolsheimer Co.,* 66 Neb. 94, 98; Comp. St. 1929, secs. 62-1603, 62-1805.

Second should be considered the effect of the failure of the drawee bank within the reasonable time allowed for presentment.

Every drawer of a check assumes the risk of the drawee's solvency during the period of time allowed as reasonable for presentment. *Anderson v. Gill,* 79 Md. 312. So, if the drawee bank fails before the holder has had

a reasonable time to present a check for payment, the loss must fall upon the drawer of the check because she should carry the risk of the drawee's solvency during that period of time. *Commercial Investment Trust v. Lundgren-Wittensten Co.*, 173 Minn. 83.

The record reflects no special or exceptional circumstances why the county treasurer should present through the county depository bank this check received in the afternoon of December 5 until and during the business day of December 6. But the drawee bank at Sioux City, Iowa, failed on December 6 at noon. In other words, during the shortest period within which, consistent with the ordinary employments and duties of commercial business, to make presentation, the necessity for presentation and demand of the check in question was obviated by the failure of the First National Bank of Sioux City, Iowa. Neither equity nor law requires the doing of useless things. In the instant case there was no necessity or requirement of the county treasurer to make presentation and demand of the McClure check.

Nothing occurred, after the receipt of what proved to be a worthless check in payment of taxes, to force the county to accept it in payment of the tax liens. There is nothing in the record which shows that Dakota county, or the county treasurer, owes the duty or is obligated by legal means to collect the McClure check.

The ultimate facts are the county's first lien for the 1929 taxes is not satisfied; there has been no redemption from the tax sale. Appellee under a mistake of fact has $471.15 of Dakota county's money. Appellee is not entitled to a confirmation of the mortgaged premises free and clear of taxes and tax sales for the years 1927, 1928, and 1929.

Hence, the supplemental decree is reversed, with directions to enter a decree reinstating Dakota county's first lien for the taxes of 1929, and the lien created by the tax sale, in accordance with this opinion.

REVERSED.